Filed 12/23/25 P. v. Castro CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOSEPH MICHAEL CASTRO, JR., Defendant and Appellant. | B341599 (Los Angeles County Super. Ct. No. BA189633) |

APPEAL from an order of the Superior Court of Los Angeles County. Jacqueline H. Lewis, Judge. Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Joseph Michael Castro, Jr. appeals from an order of the superior court denying a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) that appellant sought as potentially relevant to a later youth offender parole hearing under Penal Code section 3051.[1]  The superior court denied appellant's motion on the basis that he was statutorily ineligible for a youth offender parole hearing because he was 19 years old when he committed special circumstance murder and was sentenced to life imprisonment without the possibility of parole (LWOP).  Appellant argues that section 3051 violates equal protection by excluding young adult offenders sentenced to LWOP from such parole hearings, and that the prohibition constitutes cruel or unusual punishment.  We reject these contentions and affirm the trial court's order.

## BACKGROUND

Appellant, a gang member, conspired with fellow gang members to kill Jaime Castillo, whom they believed was going to testify about murders and other crimes committed by the gang.  In January 1998, appellant rode in a vehicle with Castillo and others to a remote location and shot Castillo in the back of the head, killing him.

Appellant was found guilty by a jury of conspiracy to commit murder and first degree murder.  The jury found true the special circumstance allegation that Castillo was a witness to a crime who was intentionally killed to prevent him from testifying, and found true the allegation that appellant was a principal in the murder and at least one principal intentionally and personally discharged a firearm that caused great bodily injury.  This court affirmed appellant's conviction on appeal but modified

---

[1] Undesignated statutory references are to the Penal Code.

the sentence by striking an unauthorized firearm enhancement, leaving appellant's LWOP sentence intact. (*People v. Bermudez et al.* (July 21, 2003, B148380) [nonpub. opn.].)

In February and March 2023, appellant filed motions pursuant to *Franklin, supra,* 63 Cal.4th 261, and *In re Cook* (2019) 7 Cal.5th 439 seeking a hearing (commonly referred to as a *Franklin* hearing) to make a record of evidence relating to his youthfulness at the time of the offenses, in anticipation of a future section 3051 youth offender parole hearing. Appellant argued that section 3051's exclusion of 18- to 25-year-olds sentenced to LWOP violated his right to equal protection and the state Constitution's proscription of cruel or unusual punishment. The superior court appointed counsel to represent appellant in the proceedings.

In October 2024, the superior court denied the motion for a hearing, finding that appellant was ineligible for relief under section 3051 based on the decision in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*). Appellant filed a timely notice of appeal.

## DISCUSSION

Section 3051 generally allows for an early parole hearing for an inmate convicted of a crime committed before the age of 25. (§ 3051, subds. (a)(1), (b).) Not all such inmates are eligible for youth offender parole hearings, however. As relevant here, "an individual [who] is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age" is excluded from early parole consideration under the statute. (§ 3051, subd. (h).)

Appellant challenges the superior court's denial of a *Franklin* hearing. He contends that section 3051 unconstitutionally deprives him of an early parole hearing and that, if he were properly afforded such a hearing, he would likewise be entitled to a *Franklin* hearing.

3

## I.    Equal Protection

Appellant argues that section 3051 violates his right to equal protection under both the United States Constitution and the California Constitution.  Section 1 of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  Section 7, subdivision (a) of article I of the California Constitution states that no person shall be "denied equal protection of the laws."  We review appellant's equal protection claim de novo.  (*People v. Sands* (2021) 70 Cal.App.5th 193, 202 (*Sands*).)

Appellant argues that he is similarly situated to inmates sentenced to LWOP for offenses committed before the age of 18, who are eligible for early parole hearings after 25 years of incarceration under section 3051, subdivision (b)(4).  He further contends that he is similarly situated to inmates who committed murder before the age of 26 and are not sentenced to LWOP, who are also eligible for parole hearings under section 3051.  With respect to both sets of inmates, appellant asserts that the Legislature did not have a rational basis to treat them differently from an inmate like him sentenced to LWOP for a special circumstance murder committed as a young adult.

In *Hardin*, our Supreme Court expressly rejected this argument with respect to the second set of inmates.  The court observed that "special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole."  (*Hardin, supra,* 15 Cal.5th at p. 839.)  The court noted that when the Legislature considered "to expand the youth offender parole system to include not only juvenile offenders but also certain young adults," it "could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who

4

have committed certain very serious crimes should remain ineligible for release from prison." (*Ibid.*)  Appellant's claim that he must be treated equally under the statute as inmates who were not sentenced to LWOP for special circumstance murder therefore fails.

For similar reasons, appellant's related argument—that there is no rational basis to distinguish minors sentenced to LWOP from young adults sentenced to LWOP—is also unavailing.  The Legislature had a rational basis to afford minors sentenced to LWOP a parole hearing after 25 years of incarceration while denying young adults the same consideration.

"The age of 18 is the point where society draws the line for many purposes between childhood and adulthood." (*Roper v. Simmons* (2005) 543 U.S. 551, 574 [125 S.Ct. 1183, 161 L.Ed.2d 1].)  "[C]hildren are constitutionally different from adults for purposes of sentencing.  Because juveniles have diminished culpability and greater prospects for reform, . . . 'they are less deserving of the most severe punishments.' " (*Miller v. Alabama* (2012) 567 U.S. 460, 471 [132 S.Ct. 2455, 183 L.Ed.2d 407].)  As explained in *Sands, supra,* 70 Cal.App.5th at page 204, "The Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age." We agree with *Sands* and the other courts that have come to this same conclusion (see *In re Murray* (2021) 68 Cal.App.5th 456, 463–464; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196–197; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779–780; *People v. Morales* (2021) 67 Cal.App.5th 326, 347), and accordingly reject appellant's equal protection claim.

## II.     Cruel or Unusual Punishment

Appellant additionally contends that his LWOP sentence violates the California Constitution's prohibition of "[c]ruel or unusual punishment." (Cal. Const., art. I, § 17.)  A sentence may

constitute cruel or unusual punishment if " ' "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." ' " (*People v. Guenther* (2024) 104 Cal.App.5th 483, 532.) We review de novo appellant's claim that his sentence is cruel or unusual.[2] (*People v. Baker* (2018) 20 Cal.App.5th 711, 721.)

Appellant argues that his sentence has been rendered cruel or unusual by the Legislature's choice to provide certain young offenders a parole hearing under section 3051, while denying that opportunity to inmates like him. This appears to be little more than a restatement of appellant's equal protection argument, and we reject it for the reasons stated above.

To the extent that appellant makes a more traditional cruel or unusual punishment claim, we conclude that it also lacks merit. In *In re Williams* (2020) 57 Cal.App.5th 427, 437, the petitioner argued that his LWOP sentence for special circumstance murder was grossly disproportionate given his diminished culpability as a 21-year-old offender, and therefore cruel or unusual. (*Ibid.*) The court rejected the argument, noting that the "United States and California Supreme Courts have recognized there is no crime more depraved or more injurious than intentional first degree murder." (*Id.* at p. 438; see also *People v. Cortez* (2025) 114 Cal.App.5th 1201, 1215 [rejecting claim that LWOP sentence for special circumstance murder committed when 25 years old was cruel or unusual].)

---

[2] The People argue that appellant forfeited the argument that his sentence is cruel or unusual by failing to properly raise it in the superior court. Appellant made the argument in his initial motion to the superior court, however, and thereby preserved the issue for appeal.

6

In *People v. Flores* (2020) 9 Cal.5th 371, 429, our Supreme Court held that a death sentence was not unconstitutionally disproportionate for homicide committed by 18- to 21-year olds. Although *Flores* addressed the issue with reference to the "cruel and unusual punishment" prohibition under the Eight Amendment of the United States Constitution (*Ibid.*), appellant offers no persuasive argument for why its reasoning should not apply here. If a death sentence for adults under the age of 21 is not disproportionate to the crime, then it cannot be said that a lesser sentence of LWOP is disproportionate.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


RICHARDSON, J.